UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| YADHIR GONZALES,<br><br>               Petitioner,<br>    v.<br>NEVADA, STATE OF, *et al.*,<br><br>               Respondents. | Case No. 3:19-cv-00090-MMD-WGC<br><br>ORDER |

In May 2019, this Court denied habeas petitioner Yadhir Gonzales' motion for appointment of counsel. (ECF No. 7.) Petitioner has filed a motion for reconsideration of that order. (ECF No. 11.)

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *See School Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

Under Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Moreover, a motion under Fed. R. Civ. P. 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)).

As the court explained previously, there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

In the order dated May 28, 2019, the Court denied Petitioner's motion for appointment of counsel because, while Petitioner explained that due to language difficulties, he required another inmate's help to prepare his petition, his petition is reasonably clear, and the legal issues do not appear to be particularly complex. (ECF No. 7.) In his motion for reconsideration, petitioner stresses his lack of education, lack of

1 | knowledge of the U.S. court system, and that another inmate assisted him. (ECF No. 11.)

The Court has reviewed the petition again and remains unconvinced that appointment of counsel is justified. Petitioner has failed to make an adequate showing under either Rule 60(b) or 59(e) that this Court's order denying his motion should be reversed. Accordingly, Petitioner's motion for reconsideration of the denial of his motion for appointment of counsel is denied.

It is therefore ordered that Petitioner's motion for reconsideration of this Court's prior order (ECF No. 11) is denied.

It is further ordered that Respondents' motion for extension of time to file a response to the petition (ECF No. 13) is granted. Respondents must file a response to the petition on or before October 25, 2019.

**The Court reiterates its directive that no courtesy copies—except as specified in its order dated May 28, 2019—are required in this case at this time.** (ECF No. 7 at 3.)

DATED THS 3rd day of October 2019.

_____
MIRANDA M. DU, CHIEF JUDGE
UNITED STATES DISTRICT COURT